## Barney vs. Prentiss & Carter.

1818.
JUNE

Barney
vs
Prentiss & Carter

Appeal from *Baltimore* County Court. *Assumpsit* against the defendant, (now appellant,) and others, as common carriers, for negligence, &c. The other defendants were not arrested. Plea, *non assumpsit*. The facts agreed upon were these: This suit was brought against the defendant, *J. H. Barney*, and others, to recover the sum of $627, with interest from the 9th of January 1813, they being on and before the 8th of January 1813, the owners and proprietors of a line of stage coaches running between *Baltimore* and *Philadelphia*, for the transportation of passengers, and goods and merchandize for hire. The plaintiffs, (the appellees,) by their clerk *James C. Morsell*, did on the 8th of January 1813, deliver a case of Senshaws at the mail stage office in *Baltimore*, kept by the defendants, to be transported to *Philadelphia* by the defendants, by means of the said stage coach line; that the case of Senshaws was of the value of $627. At the time of delivering the case at the office, the same was entered on the way bill for transportation by the clerk then in the stage office, who entered the case for delivery at *Philadelphia* to *Weems & Benson*, and for the transportation and delivery of which, the defendants were to receive a reasonable hire or compensation, the amount of which was entered on the way bill. Shortly after sending the case of Senshaws, the plaintiffs received a letter from *Weems & Benson*, informing them that the case had not come to hand, and at the same time acknowledging the receipt of a letter and invoice, sent by the plaintiffs by the same mail which should have carried the Senshaws. The case was never transported and delivered at *Philadelphia* by the defendants, nor was the same ever heard of, or accounted for, by the defendants, since the delivery thereof into their possession at the stage office in *Baltimore*. That the following advertisement, to wit: "New Line Expedition—Summer Establishment, through in one day. The new line Expedition will commence her summer establishment on Sunday the 15th inst. (March,) by starting from the *Fountain Inn*, Light-street, at 3 o'clock A. M. breakfast at *Havre de Grace*, dine at *Wilmington*, and arrive at an early hour in the evening at *Philadelphia*. Fare and allowance of baggage as usual. All baggage to be at the risk of the owners thereof. *United States* mail stages start as usual from the *Fountain Inn*. The Eastern mail at 3 o'clock P. M. and the Southern mail at 6 o'clock A M. All the baggage over 20 lb. will hereafter positively be charged, and be at the risk of the owners thereof. *John H. Barney*," &c. was published in the different newspapers in the city of *Baltimore*, and was in the knowledge of the plaintiffs previous to the 8th of September 1813. No money or hire was paid at the time of delivering the case of Senshaws; but the hire or reward was entered on the way bill at the time the said goods were entered for transportation. The

An action against common carriers, being the proprietors of a line of stage coaches running between B and P, for the transportation of passengers and goods and merchandize for hire, for negligence in not delivering a case of Senshaws, delivered by the plaintiff at the stage-office, and entered on the way bill for transportation, and for which he was to pay a reasonable compensation The defendants had published in the various newspapers in B. (and which was known to the plaintiff,) the time when the stages would arrive at the respective cities, and the publication contained also these clauses; "Fare and allowance of baggage as usual. At baggage to be at the [ ] of the owners thereof." "All [ ] baggage over 20 lbs. will [ ] be either positively or charged, and be at the risk of the owners thereof"—Held that if the owners of stage coaches, which carry not only passengers and their baggage, but goods which the owner does not accompany, can by their publications exempt themselves from their liability which they [ ] do not mean to [ ] code, then such particular notice should in that respect be plain and explicit. Where in this [ ] case the defendants advertisement was in doubtful and ambiguous language, and they were [ ] responsible [ ] loss of the goods, it not [ ] had been [ ] by [ ]

**1818.**

Barney
vs
Prentiss & Carter

county court gave judgment upon these facts for the plaintiffs; and the defendant appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, JOHNSON, and MARTIN, J.

*Winder* and *Murray,* for the Appellant, cited *Jones on Bailment,* 102, 106. *Laws of Carriers,* 11, 25. *Titchburne vs. White,* 1 *Stra.* 145; and *Clark vs. Gray,* 4 *Esp. Rep.* 177.

No Counsel appeared for the Appellees.

JOHNSON, J. delivered the opinion of the court. This is an action on the case brought by *Prentiss* and *Carter* against *Barney,* to recover the value of a parcel of goods placed by them in the possession of the defendant, to be carried *for hire* from *Baltimore* to *Philadelphia.*

The cause was determined on a case stated in favour of the plaintiffs, from which determination the defendant appealed.

The case stated sets forth, that the plaintiffs, the proprietors of a case of Senshaws of the value of $627, delivered them at the stage office, and had them entered on the way bill for transportation, and for which they were to pay a reasonable compensation; that a letter from the plaintiffs to their correspondent in *Philadelphia,* was at the same time put into the post office, which was in due time received; but the goods, from the case stated, do not appear to have been received at *Philadelphia,* nor any account given of them. It also appears that the defendant was, at the time the goods were delivered, the owner and proprietor of a line of stage-coaches running from *Baltimore* to *Philadelphia,* for the transportation of passengers, and goods and merchandize for hire; that previous to the goods in question having been delivered for transportation, the defendant published in the various newspapers in *Baltimore* the time when the stages would start from, and arrive at, the respective cities, in which publication are the following clauses, viz. "Fare and allowance of baggage as usual. All baggage to be at the risk of the owners thereof. All the baggage over 20 lb. will hereafter positively be charged, and be at the risk of the owners thereof." Which advertisement, before the delivery of the case of Senshaws, was known to the plaintiffs.

The question for the consideration of this court is, whether the county court erred in their judgment?

Whether the owners of stage coaches, which are principally engaged in *carrying of persons,* and such baggage as usually accompany them, but who also (as in the case before the court,) carry goods and merchandize for hire, without the owner accompanying them, can, by such advertisements, exonerate themselves from all responsibility for goods and merchandize delivered for transportation, need

not, in this case, be determined. For, as such carriers would without such publications be responsible for the loss of goods delivered to be carried, if they can, by their publications, exempt themselves from their liability, then the publications, in the language of the exception, should be plain, explicit, and free from all ambiguity. But, as in the case before the court, the defendant, in the advertisement published by him, has used the most doubtful and ambiguous language, he therefore stands in the same predicament as if no publication had been made.